UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH FEINGOLD (D/B/A DEBORAH FEINGOLD PHOTOGRAPHY)<br>Plaintiff,<br>v.<br><br>FRED DANIELLO (D/B/A ART COMMERCE OR ARTCOMMERCE.COM)<br><br>Defendant. | 2016-Civil Action No. _____<br><br>COMPLAINT |

## NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. section 1, et seq., arising from Defendant's unauthorized use of Plaintiff's copyrighted image of the entertainer, producer and director Keith Richards. Keith Richards is one of the founding members of the rock band The Rolling Stones, and Plaintiff's photo of Richards (the "Richards Photo")(Ex. A attached), featuring a smiling Richards sitting with his head in his left hand one of the most well-known images in the entertainment industry.

## PARTIES

2. Deborah Feingold is an internationally renowned photographer whose career spans five decades and whose work has featured prominent political figures, such as Barack Obama, celebrities, media personalities and famous entertainers, musicians and musical acts.

3. Ms. Feingold is an owner of pictorial works she has captured through her camera, particularly in the arenas of entertainment and politics.

4. Ms. Feingold's business is known as Deborah Feingold Photography.

5. Ms. Feingold resides in Manhasset, New York, with her principal place of

1

5. Ms. Feingold resides in Manhasset, New York, with her principal place of business also in Manhasset, New York.

6. Fred Daniello is the operator of an online retail business known as Art Commerce (url: Artcommerce.com), located at 42 Commonwealth Drive, Fairfield Connecticut. Defendant, acting through Art Commerce, has advertised selling fine art photographs and other products "worldwide" "based out of the Greater New York City area." Among the fine art photographs Defendant has been selling is the Richards Photo. Defendant has no permission or authority from Plaintiff to sell the Richards Photo.

## JURISDICTION

7. This Court has subject matter jurisdiction of this matter pursuant to 17 U.S.C. sections 106, 113 & 501 through 505 and 28 U.S.C. §§ 1331 and 1338(a).

8. Upon information and belief, this Court has general personal jurisdiction over the Defendant based on his systematic and continuous business within New York State.

9. Upon information and belief, this Court has specific personal jurisdiction over the Defendant because the infringing copies are offered for sale in, have been sold in and are related to New York State, and Defendant has purposefully availed himself of New York State.

## VENUE

10. Venue is proper in this judicial district under 28 U.S.C. section 1391, because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

### The Richards Photo

11. Plaintiff photographed Richards on or about May 3, 2011.

12. Plaintiff published the Richards Photo on September 30, 2014.

13. The Richards Photo has been licensed and has appeared in a number of prominent publications over the years, including *Keith Richards: A Life in Pictures* (2010), *Life, Keith Richards: a Rock 'n' Roll Life* (2012). *Life* and *Keith Richards: A Life in Pictures* feature the Richards Photo on the back of the jacket cover. *Keith Richards: A Life in Pictures* is one of the best-selling biographies of a musician.

14. Upon information and belief, the Photo is one of the most-heavily publicized images of Richards and of Rolling Stones band members in general.

## Copyright Registration

15. The Richards Photo is registered with the United States Copyright Office under Registration Number VAu 1-963-652, with February 15, 2015, being the effective date of that registration. A true and correct copy of the registration certificate covering the Richards Photograph is attached as Exhibit B.

## Unauthorized Uses

16. Defendant has been selling and offering for sale infringing copies of the Richards Photo through his own website Artcommerce.com and also has used online marketplaces through his "stores" on those sites. The online marketplaces include Amazon.com, Bonanza.com and others. These infringing copies are being offered for sale for over $3,000.

17. Defendant is aware that he is not the owner of these infringing copies as he lists "by Feingold" to further entice buyers to purchase these infringing copies as fine art.

18. Defendant has no permission or authority to reproduce, display, sell or offer to sell the Richards Photo.

## COPYRIGHT INFRINGEMENT

19. Ms. Feingold re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. Defendant has violated the copyright rights of Ms. Feingold by reproducing, displaying, selling, offering for sale, and distributing unauthorized copies of the Richards Photograph for worldwide consumption, including in this judicial district.

21. Plaintiff has complied in all respects with the United States Copyright Act and all other laws respecting copyright by applying for copyright registration of the Richards Photograph and making the required deposit for the image contained in that pictorial work.

22. Defendant had actual or constructive notice of Ms. Feingold's copyright ownership of the Richards Photograph.

23. Notwithstanding prior knowledge of Plaintiff's rights, and without Ms. Feingold's permission or authority, Defendant continued to reproduce, display, sell, offer for sale and or distribute the Richards Photograph.

24. Defendant's acts of infringement were willful.

25. Defendant has unlawfully and wrongfully derived income and profits from his infringing acts.

26. Plaintiff has suffered damage as a result of Defendant's willful infringement of her copyright.

## JURY DEMAND

Plaintiff demands a trial by jury on all jury-triable issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for:

a. A permanent injunction enjoining Defendant and his agents, servants, and employees from infringing in any manner Plaintiff's copyright and from copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action;

b. An accounting for payment to Ms. Feingold of all of the following sums:

> All gains, profits and advantages derived by Defendant as a result of his infringement of Ms. Feingold's copyright, statutory damages or such damages as the Court shall deem proper and within the provisions of the copyright statute, 17 U.S.C. section 1 et seq.

c. The delivery by Defendant, his agents, employees and all others for whom Defendant is responsible, or anyone acting on their behalf, of all articles alleged to infringe any copyright of Ms. Feingold;

d. Delivery by Defendant, his agents, employees and all others for whom Defendant is responsible, or anyone on their behalf, all infringing copies including all infringing derivative images, digital files, magnetic tapes, optical disks, and other means for making infringing copies;

e. Damages for copyright infringement;

f. Reasonable attorneys' fees, interest and costs of suit; and

g. Such other and further relief as the Court deems equitable and just.

Dated: August 15, 2016
New York, New York

GARSON SEGAL STEINMETZ
FLADGATE LLP

By: _____
Kevin Murphy (KM-2370)
Chris Fladgate (CF-1999)
164 W. 25th Street
New York, New York 10001
Tel: (212) 380-3623
Fax: (212) 537-4540